NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KELVIN MOORE | No. 23cr293 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

On September 30, 2024, the Court sentenced Kelvin Moore to seventy-two months in prison followed by three years of supervised release. When the Court sentenced Moore, it relied on and adopted the final presentence investigation report ("PSR") prepared by the U.S. Probation Office ("Probation"). D.E. 37 ("Final PSR"). Moore, now proceeding *pro se*, moves to amend the Final PSR. D.E. 50 ("Motion" or "Mot."). The Government opposes his Motion, asserting that the Court has already denied his request and that the Court lacks jurisdiction to entertain his challenge. D.E. 52 ("Opposition" or "Opp'n"). Moore replies. D.E. 54 ("Reply").

For the reasons explained below, the Court will **DENY** Moore's Motion.

**I.    BACKGROUND**

In the first quarter of 2022, law enforcement investigated and arrested Moore for narcotics trafficking. *See* Final PSR ¶¶ 13-21. On April 12, 2023, Moore appeared before the Undersigned and pled guilty to a single-count information, which charged Moore with distributing and possessing with the intent to distribute fentanyl and cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). *Id.* ¶ 1.

On July 31, 2023, Probation published a draft PSR. D.E. 34 ("Draft PSR"). Moore (then represented by counsel) made multiple non-guideline objections to the Draft PSR. *See* Final PSR at 34. One of those objections concerned a paragraph of the Draft PSR that included facts

underlying his 2012 conviction for simple assault.  Draft PSR ¶ 36.  Moore specifically objected to the following language:  "Moore intervened by pointing a gun at the women and uttering, 'I will kill both you bitches.'"  Final PSR at 34 (quoting Draft PSR ¶ 36).  Moore claimed this conduct amounts to nothing more than unproven allegations in a police report and noted that the charges associated with the conduct were ultimately dismissed.  *See id.*  He therefore objected to its inclusion in the Final PSR.  *See id.*

Probation responded to all of Moore's objections.  *See id.*  With respect to the relevant objection to the simple assault description, Probation noted that the quoted language was taken from a Jersey City Police Department investigation report and that the aggravated assault—which was later downgraded to a simple assault—resulted in a conviction.  *Id.*  Probation pointed out that information obtained from police records is provable by a preponderance of the evidence, and therefore, it did not remove the language from the Final PSR (although it noted Moore's objection).  *Id.*

Prior to his sentencing, Moore's counsel submitted a sentencing memorandum to the Court.  D.E. 46 ("Sentencing Memo").  In the Sentencing Memo, counsel noted that while Moore previously made several objections to the Draft PSR, he withdrew all of them (including his objection related to the 2012 assault) aside from one unrelated to the present dispute.  *Id.* at 4-5.

At the September 30, 2024, sentencing of Moore, the Undersigned asked Moore's counsel whether there were any objections to the Final PSR.  *See* D.E. 49 at 7:20-21.  The only non-guideline objection Moore's counsel raised pertained to the one objection he did not withdraw in the Sentencing Memo.  *Id.* at 7:22-25.  Following arguments from the parties concerning that objection, the Court adopted the Final PSR.  *Id.* at 10:20-25.  On October 1, 2024, the Court entered judgment as to Moore.  D.E. 48.

## II.    ANALYSIS

As Moore himself recognizes, the Court has a "longstanding instruction that *pro se* filings must be 'liberally construed.'" *Simmons v. United States*, 142 S. Ct. 23, 24 (2021) (Sotomayor, J., statement respecting the denial of certiorari) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Because Moore proceeds *pro se*, the Court will treat his Motion "with a measure of tolerance."  *Jackson v. Grondolsky*, 09-853, 2009 WL 691222, at *1 (D.N.J. Mar. 10, 2009) (citations omitted).

Moore asks the Court to amend the Final PSR by redacting or removing the language concerning his 2012 assault.  Mot. at 2.  Moore indicates that he brings his Motion pursuant to 28 U.S.C. § 2255, *see id.* at 1, but that is not the proper source of authority for him to do so because he does not seek to invalidate his sentence.  Addressing the same situation, another court in this Circuit explained that § 2255 is "inapplicable" to a challenge to remove language from a PSR because such a request is not a challenge to the validity of the sentence.  *United States v. Horne*, Crim. No. 18-22, 2019 WL 5103112, at *3 (W.D. Pa. Oct. 11, 2019) (citing *United States v. Leath*, 711 F.2d 119 (8th Cir. 1983)).

The most straightforward basis for Moore to challenge the Final PSR is Federal Rule of Criminal Procedure 32.  "Rule 32 permits a court and the parties to challenge and amend a PSR. Rule 32(f) allows the parties to object to a PSR within fourteen (14) days of receipt, and Rule 32(i)(3) requires the court to rule on any such objection."  *Id.* (citing Fed. R. Crim. P. 32(f), (i)(3)). However, the Court now lacks jurisdiction to amend Moore's PSR under Rule 32 "because sentencing courts do not retain jurisdiction thereunder to entertain challenges to the PSR after final judgment."  *United States v. Ballard*, 512 F. App'x 152, 153 (3d Cir. 2013) (non-precedential) (first citing *United States v. Angiulo*, 57 F.3d 38, 41 (1st Cir. 1995) (collecting cases); then citing

*United States v. Warner*, 23 F.3d 287, 290 (10th Cir. 1994) (same)).  The Court agrees with the Government that once the Court adopted the Final PSR, sentenced Moore, and entered a final judgment, it lost jurisdiction to entertain Moore's requested relief under Rule 32.  Opp'n at 3.

Another potential basis for Moore to challenge the Final PSR is Federal Rule of Criminal Procedure 36, which allows a court to, at any time, correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission. Although Rule 36 applies to PSRs, *United States v. Gjeli*, 867 F.3d 418, 426 n.12 (3d Cir. 2017), "Rule 36 does not permit a court to *substantively* modify a PSR," *Horne*, 2019 WL 5103112, at *2 (emphasis added in *Horne*) (citing *United States v. Patton*, 610 F. App'x 102, 104 (3d Cir. 2015)).  Moore does not seek to correct a clerical error; rather, he moves to redact or remove certain language from the Final PSR on the basis it was wrongfully included as an unproven allegation.  *See* Mot. at 2.  Thus, Rule 36 does not help Moore either.

Finally, 28 U.S.C. § 2241 may provide Moore an "avenue for relief" to request an amendment of a PSR.  *Ballard*, 512 F. App'x at 153.  "To come under § 2241 . . . any such petition should provide sufficient detail to demonstrate that the adverse impacts—caused by alleged inaccuracies in the PSR—constitute 'the execution of [the] sentence.'"  *Horne*, 2019 WL 5103112, at *3 (quoting *id.*).  Even if Moore were to have provided the Court with sufficient detail, the Court would "not have jurisdiction over any potential § 2241 petition by [Moore] because [a § 2241] petition[] must be filed in the defendant's district of confinement."  *Id.* (citing *Ballard*, 512 F. App'x at 153).  Moore is confined in Federal Correctional Institution Schuylkill, which is in Minersville, Pennsylvania.  *See* Mot. at 1 (listing his return address as FCI Schuylkill).  Therefore, Moore must file any § 2241 habeas petition in the United States District Court for the Middle District of Pennsylvania.

Because there is no basis for the Court to provide Moore relief, it will **DENY** his Motion.

### III.    CONCLUSION AND ORDER

Having considered Moore's Motion and all related items on the docket,

**IT IS**, on this 28th day of April, 2026, for the reasons set forth above,

**ORDERED** that Moore's Motion, D.E. 50, is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall send Moore a copy of this Memorandum Order by regular U.S. mail to the address provided in his Motion.

_____

Evelyn Padin, U.S.D.J.